## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TERRELL R. JONES,                              )
                                               )
                          Plaintiff,           )
                                               )
          vs.                                  )          Case No. 20-1142-JAR-KGG
                                               )
CITY OF WICHITA,                               )
                                               )
                          Defendant.           )
                                               )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## REPORT & RECOMMENDATION FOR DISMISSAL AND
## RECOMMENDATION FOR FILING RESTRICTIONS

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Terrell

Jones has also filed an Application to Proceed Without Prepaying Fees or Costs

("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1).

After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS**

the IFP application (Doc. 3) but **recommends** Plaintiff's claims be **dismissed** for

failure to state a viable federal cause of action.  The Court further **recommends**

that the District Court enter restrictions on Plaintiff's continued filing in the

District of Kansas.

**A.      Motion to Proceed IFP.**

1

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 21 and single with no dependents.  (Doc. 3, sealed, at 1-2.)  Plaintiff is currently unemployed, but lists a modest amount he earned with his previous employer.  (*Id*., at 2-3.)  His

lists no income or government benefits other than the recent government stimulus check.  (*Id.*, at 4-5.)  He does not own real property or an automobiles.  (*Id*., at 3-4.)  He lists a small amount of cash on hand.  (*Id*., at 4.)  Plaintiff lists a cable bill and a small amount for groceries as his only monthly expenses.  (*Id*., at 5.)  Plaintiff has not filed for bankruptcy.  (*Id*., at 6.)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar

language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested.  Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff has filed this case as a violation of his Constitutional rights as well as his civil or equal rights, privileges, or immunities pursuant to 28 U.S.C. §1343. (Doc. 3-1, sealed.)  He alleges that he is a musical artist who has been "growing in stature/publicity until recently."  (Doc. 1, at 7.)  He further alleges that he has "noticed the City of Wichita making the threat's [sic] that if I further continue this music career or try and leave the City a false charge or arrest may occur."  (*Id*.)  Plaintiff continues that Defendant "has also been working with multiple local

businesses," such as the trash service and Post office, "to insure that if I do leave or further this career they would have other's [sic] to lie for them."[1]  (*Id.*, at 8.)

The Court finds that these alleged threats that something may or may not occur in the future do not constitute an actionable violation of Plaintiff's Constitutional or civil rights.  The Court thus **recommends** to the District Court that Plaintiff's claim be **dismissed** for failure to state a viable cause of action.

**C.     Recommendation of Filing Restrictions.**

Over the past two months, Plaintiff has filed six new cases (including the present case), *pro se*, all of which apparently relate to his attempted music career. Plaintiff has been granted *IFP* status in each of these cases:

| **Case Number:** | **Case Name:** | **Status of Case:** |
|---|---|---|
| 20-1091-JAR-GEB | Jones v. Gaulden | filed 4/2/20; Complaint found to be insufficient; closed 5/28/20 per motion to dismiss filed by Plaintiff |
| 20-1097-EFM-KGG | Jones v. Netflix Corp. | filed 4/8/20; Complaint found to be insufficient/Magistrate Judge recommended dismissal; closed 4/23/20 |
| 20-1131-JAR-KGG | Jones v. Wichita | filed 5/18/20; dismissal recommended by undersigned Magistrate Judge based on insufficiency of Complaint |

---

[1] The Court notes that these allegations are duplicative of, although more detailed than, those alleged by Plaintiff – against the same Defendant – in Case No. 20-1131-JAR-KGG.  The undersigned Magistrate Judge also recommended dismissal in that case.

| 20-1133-JTM-GEB | Jones v. Epic Games | filed 5/21/20; assigned to Magistrate Judge Birzer |
| 20-1138-EFM-KGG | Jones v. Sony Music | filed 5/26/20; Plaintiff filed motion to dismiss claims against Defendant on 5/28/20 (pending before District Judge) |
| 20-1142-JAR-KGG | Jones v. Wichita | filed 6/1/2020; dismissal being recommended by undersigned Magistrate Judge based on insufficiency of Complaint |

As noted herein, Plaintiff's Complaints have universally been found to be insufficient and dismissal has been or will be recommended in each of his cases.

As indicated above, Plaintiff routinely has been allowed to proceed *in forma pauperis* because of his limited financial resources.  Further, he has been afforded the leniency given to litigants proceeding *pro se*.  *See **Haines v. Kerner***, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).  The Court finds, however, that Plaintiff has abused these privileges with his serial filing of clearly frivolous cases.

It is well-established in this District that "the right of access to the courts is neither absolute nor unconditional [ … ], and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." ***Tripati v. Beaman***, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted).  "The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its

limited resources to the processing of repetitious and frivolous [claims]." ***In re Sindram***, 498 U.S. 177, 179-80, 111 S.Ct. 596, 597, 112 L.Ed.2d 599 (1991). "[T]he Supreme Court has recognized that abuses of this privilege may give rise to the imposition of filing restrictions." ***In re Winslow***, 17 F.3d 314, 315 (10th Cir. 1994).   "*Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous petitions." *Id*. (citation omitted). ***In re Sindram***, 498 U.S., at 180, 111 S.Ct., at 597 (citation omitted).

As such, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." ***Ysais v. Richardson***, 603 F.3d 1175, 1180 (10th Cir. 2010). Within this context, courts in this District have found the following factors to be relevant to the determination of imposing filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, *e.g*., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, 934 F.2d 326 (Table) (10th Cir. 1991), 1991 WL 94457, at *6 (citing *Safir v. U.S. Lines, Inc*., 792 F.2d 19, 24 (2d Cir. 1986)).  Ultimately, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id*. (quoting *Safir*, 792 F.2d at 24).  Thus, it is appropriate for the Court to place restrictions on continued filing where the party's abusive filing history is set forth, the Court establishes specific requirements that must be completed for the party to be allowed permission to file, and the party is given appropriate notice and an opportunity to oppose such restrictions before they are instituted.  *Ysais*, 603 F.3d at 1180 (quoting *Tripati*, 878 F.2d at 353-54).

As stated above, Plaintiff has filed six new cases, *pro se*, in less than two months, including certain duplicative facts and claims and all of which relate to the general topic of interference with his music career.  The Complaints in each of the cases have been found to be insufficient or are in the process of being so found.  Plaintiff has moved to dismiss two of the cases himself.

Plaintiff's actions in filing these duplicative, frivolous, and legally insufficient cases have clearly placed an unnecessary burden on the Court and its personnel.  The undersigned Magistrate Judge therefore **recommends** to the District Court that the following filing restrictions be placed on Plaintiff to deter future frivolous lawsuits and to protect the Court, its personnel, and future

defendants from having to expend needless time.  Thus, it is **recommended** that

Terrell Jones be required to obtain leave of Court to submit future filings in any

existing cases currently pending in the U.S. District Court for the District of

Kansas, or to initiate a civil action in the U.S. District Court for the District of

Kansas without representation of an attorney licensed to practice in the State of

Kansas and admitted to practice before this Court.  Because the Court recommends

the imposition of these restrictions *sua sponte*, Jones will be allowed an

opportunity to file objections to the restrictions.


IT IS THEREFORE **ORDERED** that Plaintiff's motion for IFP status (Doc.

3) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's

Complaint (Doc. 1) be **DISMISSED**.  The Clerk's office shall not proceed to issue

summons in this case.

IT IS **FURTHER RECOMMENDED** to the District Court that before

Terrell Jones may submit future filings in existing cases or initiate a civil action in

the U.S. District Court for the District of Kansas, he must comply with the

following injunction:

1.  With the exception of a proper motion for relief from an order under

Fed.R.Civ.P. 60, or an objection to this Order, the Clerk shall not accept or file any

*pro se* submissions, filings, pleadings, or other documents by Jones or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2.  Except in compliance with this Order, the Clerk shall not accept any pleading from Jones which purports to initiate a civil action.  If Jones, proceeding *pro se*, desires to file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

> a.  A copy of this Order and any subsequent Order;
>
> b.  A copy of the proposed complaint or pleading;
>
> c.  A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;
>
> d.  A notarized affidavit certifying:
>
> > i.  The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and
> >
> > ii. That the claims are not frivolous, malicious, or made in bad faith.

3.  Jones shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it.  The

undersigned Magistrate Judge recommends that failure to follow these procedures will result in rejection of any future case Jones attempts to file in this Court.

IT IS THEREFORE **ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge, including the recommended dismissal and filing restrictions.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition and restrictions.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 2nd day of June, 2020.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge